**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **Jeffrey K. Landrum,** | ) | |
| **For himself and on behalf of all others** | ) | |
| **similarly situated,** | ) | **Civil Action** |
|        **Plaintiffs,** | ) | **File No.** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **Envision Healthcare Holdings, Inc.** | ) | **Jury Trial Demanded** |
| **d/b/a EmCare, d/b/a Evolution Health, d/b/a** | ) | |
| **American Medical Response, d/b/a Air** | ) | |
| **Ambulance Specialists, d/b/a MedicWest,** | ) | |
| **d/b/a Guardian Healthcare and** | ) | |
| **Reimbursement Technologies,** | ) | |
|        **Defendant.** | ) | |
| | ) | |

## ORIGINAL CLASS ACTION COMPLAINT

PLAINTIFF, JEFFERY K. LANDRUM ("Plaintiff"), by and through his attorneys, and on behalf of himself, the Putative Classes set forth herein, and in the public interest, brings this class action complaint against Envision Healthcare Holdings, Inc. d/b/a EmCare, d/b/a Evolution Health, d/b/a American Medical Response, d/b/a Air Ambulance Specialists, d/b/a MedicWest, d/b/a Guardian Healthcare and Reimbursement Technologies ("Defendant" or "EVHC"). Plaintiff would respectfully show the Honorable Court as follows:

## I.
## INTRODUCTION

1.      This is a class action suit brought under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").

2.      EVHC describes itself as the "Envision Healthcare family of companies", which includes American Medical Response, EmCare, Evolution Health, Air Ambulance Specialists

and Reimbursement Technologies. EVHC further states that its companies offer an array of healthcare-related services to consumers, hospitals, health plans and government entities and together provide care to more than 14 million patients each year; and, that its workforce is made up of more than 24,000 caregivers and other professionals who provide services in more than 1,000 locations nationwide.

3.      EVHC routinely obtains and uses information in consumer reports to conduct background checks on prospective employees and existing employees, and frequently relies on such information, in whole or in part, as a basis for adverse employment action.  Such adverse employment action includes the failure to hire, reduction of work hours, failure to promote, and employment termination.

4.      While use of consumer report information for employment purposes is not *per se* unlawful, it is subject to the strict disclosure and authorization requirements of the FCRA. EVHC has willfully violated many of these requirements, in systematic violation of Plaintiff's rights and the rights of other putative class members.

5.      EVHC violated 15 U.S.C. § 1681b(b)(3)(A) by taking adverse employment action against Plaintiff and other putative class members based on undisclosed consumer report information, without first providing Plaintiff and other affected class members a copy of the pertinent consumer report and without providing a reasonable opportunity to respond to the information in the report and discuss it with EVHC.

6.      EVHC also violated 15 U.S.C. § 1681b(b)(2)(A)(i) by procuring consumer reports on Plaintiff and other putative class members for employment purposes, without first making proper disclosures in the format required by the statute.

7.      15 U.S.C. § 1681b(b)(2)(A)(i) required EVHC to disclose to its employees – *in a document that consists solely of the disclosure* – that it may obtain a consumer report on them for employment purposes, prior to obtaining a copy of their consumer report. *Id.* EVHC willfully violated this requirement in at least two respects: (1) EVHC buried these disclosures in a multi-page online job application; and (2) EVHC inserted a liability release and other extraneous information into the portion of its online job application that purports to grant EVHC the authority to obtain and use consumer report information.[1] Both of these practices violate longstanding regulatory guidance from the Federal Trade Commission ("FTC").

8.      Finally, EVHC violated 15 U.S.C. § 1681b(b)(2)(A)(ii) by obtaining consumer reports on Plaintiff and other putative class members without proper authorization because EVHC's disclosure forms fail to comply with the requirements of the FCRA. As a result, Defendant also violated 15 U.S.C. § 1681b because it had no permissible purpose for using a consumer report pertaining to Plaintiff and to other putative class members.

9.      Based on the foregoing violations, Plaintiff asserts FCRA claims against EVHC on behalf of himself and two separate classes of EVHC employees and prospective employees (the "Putative Classes").

10.      In Count One, Plaintiff asserts an FCRA claim under 15 U.S.C. § 1681b(b)(3)(A) on behalf of an "Adverse Action Class" consisting of all employees or prospective employees of EVHC in the United States who (a) did not receive a pre-adverse action notice, or (b) received notice on or after October 26, 2008, that EVHC was taking adverse employment action against them based, in whole or in part, on information contained in a consumer report, and who were not provided a copy of the report in advance.

---

[1] See Exhibit – 1, p. 6.

11.     In Counts Two and Three, Plaintiff asserts a pair of FCRA claims under 15 U.S.C. §§ 1681b(b)(2)(A)(i)-(ii) on behalf of a "Background Check Class" consisting of all employees or prospective employees of EVHC in the United States who were the subject of a consumer report procured by EVHC (or that EVHC caused to be procured) on or after October 26, 2008.

12.     On behalf of himself and these Putative Classes, Plaintiff seeks statutory damages, punitive damages, attorneys' fees and costs, and other appropriate relief because of EVHC's willful violations of the FCRA.

## II.
## JURISDICTION AND VENUE

13.     Plaintiff, on behalf of himself and the Putative Classes, brings this action pursuant to a federal statute, the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*.

14.     The Court has jurisdiction of the claims asserted herein pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1367.

15.     Venue is proper in the United States District Court for the Southern District of Texas under 28 U.S.C. § 1391.  Mr. Landrum resides in this District, applied for a job with Defendant in this District, and his claims arise, in substantial part, in this District.  EVHC regularly conducts business in this District, and is subject to personal jurisdiction in this District.

## III.
## PARTIES

16.     Individual and representative Plaintiff Jeffery K. Landrum ("Plaintiff" or "Mr. Landrum") is a resident of Harris County, Texas.

17.     Mr. Landrum is a member of each of the Putative Classes.

18.     Defendant is Envision Healthcare Holdings, Inc., a Delaware corporation that may be served with process by serving its duly appointed registered agent, Corporation Service

Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware, 19808.  Defendant offers medical care services throughout the United States, and does business under the names "EmCare", "Evolution Health", "American Medical Response" or "AMR", "Air Ambulance Specialists", "MedicWest", "Guardian Healthcare" and "Reimbursement Technologies" (collectively, "Defendant" or "EVHC").

19.     Whenever alleged herein that Defendant committed any act or omission, it is meant that Defendant's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time the act or omission was committed, it was committed with full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of employment of Defendant's officers, directors, vice-principals, agents, servants, or employees.

## IV.
## ALLEGATIONS REGARDING EVHC'S BUSINESS PRACTICES

### *EVHC conducts employment background checks (including criminal background checks) during its hiring process*

20.     EVHC conducts background checks, which include investigations of criminal history, of its job applicants as part of its standard screening and hiring process.

21.     In addition, EVHC periodically conducts such background checks on existing employees during the course of their employment with EVHC.

22.     EVHC does not perform these background checks in-house. Rather, EVHC relies on outside consumer reporting firms to obtain this information and report it to EVHC for a fee.

23.     These reports constitute "consumer reports" or "consumer investigative reports" under the FCRA.

24.     One of the outside consumer reporting firms EVHC has utilized is InfoCubic, located at 9250 East Costilla Avenue, Suite 525, Greenwood Village, Colorado 80112.

25.     InfoCubic is a "consumer reporting agency" under the FCRA.

26.     EVHC purchases "consumer reports" from InfoCubic on a regular and frequent basis.

27.     As it pertains to the FCRA's violations, EVHC's online employment application process is standardized across the United States, and applicants follow the same steps in applying for a job regardless of whether they seek employment with "EmCare", "Evolution Health", "American Medical Response", "AMR", "Air Ambulance Specialists", "MedicWest", "Guardian Healthcare", "Reimbursement Technologies" or any other division of EVHC.

28.     When any applicant applies for employment with EVHC online, EVHC's website directs the applicant through an identical set of steps to apply for the desired job opening, irrespective of the type of job, the location of the job, or the division / subsidiary in which the job resides.[2]

29.     For instance, irrespective of whether an individual seeks employment with American Medical Response, EmCare, or Evolution Health (divisions / subsidiaries of EVHC), each such applicant is directed to the same website page as its starting point, and thereafter, each applicant follows the identical procedures to complete an employment application with EVHC's divisions / subsidiaries. *Id.*

30.     This application process requires each job applicant, in violation of the FCRA, to commit to a release of liability that is not limited in time, requiring each job applicant to fully waive any rights or claims against a) all current and/or former employers, their agents,

---

[2] See Exhibit – 2.

employees, and representatives; b) any person or party that utilizes any information pertaining to a job applicant; c) EVHC and its subsidiaries; and d) any outside agency EVHC or its subsidiaries utilize in the process of obtaining background information of the job applicant. *Id.*

31.     Similarly, EVHC includes other prohibited extraneous language in the online job application portion seeking authorization and providing the FCRA's required disclosures prior to obtaining a background information report (i.e., "consumer report") on the job applicant. *Id.*

32.     No subsequent attempt to cure these violations is effective. EVHC's violations of the FCRA continue because the release of liability is not limited in time, and any additional allegedly corrected disclosures serve only to defeat the "clear and conspicuous" and "in a document that consists solely of the disclosure" requirement of the FCRA.

### *EVHC'S violations of the FCRA relating to Background Check Class*

33.     EVHC procured consumer report information in violation of the FCRA.

34.     The FCRA makes it unlawful to procure a consumer report or cause a consumer report to be procured for employment purposes, unless:

    i)     a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, ***in a document that consists solely of the disclosure***, that a consumer report may be obtained for employment purposes; and

    ii)     the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report.

15 U.S.C. §§ 1681b(b)(2)(A)(i)-(ii) [emphasis supplied].

35.     EVHC has not satisfied these disclosure and authorization requirements.

36.     EVHC has an online application process that guides a job applicant's search for specific job openings available at EVHC. [3]

---

[3] See Exhibit – 2.

37.     The sequential steps of the online job application process are uniform across EVHC's various job openings at its various locations across the United States. *Id.*

38.     On the last page of a standard 6-page online employment application, EVHC purports to include in a lengthy paragraph, in obscurely small sized font, an authorization seeking permission to obtain the job applicant's background information for EVHC's hiring decision. [4]

39.     The paragraph reads in part as follows:

> "**APPLICANT EEO OR AFFIRMATIVE ACTION INFORMATION**
> It is the policy of EVHC and its subsidiaries to provide equal employment opportunity to all qualified applicants for employment without regard to race, color, religion, national origin, gender, age, ancestry, sexual orientation, veteran status, marital status, or disability. Various agencies of the government require employers to invite applicants to identify themselves as indicated below. Completion of this form is voluntary and in no way affects the decision regarding your application for employment. This form is confidential and will be maintained separately from your application form.
>
> **CONDITIONS OF APPLICATION**
> PLEASE READ EACH STATEMENT CAREFULLY BEFORE AGREEING. I CERTIFY that all information provided in this employment application is true and complete. I understand that any false information or omission may disqualify me from further consideration for employment and may result in my immediate dismissal if discovered at a later date. I UNDERSTAND that the employer may request an investigative consumer report agency, as well as a check of my criminal record. I understand that should this application or a criminal record check reveal a conviction of a crime, further processing of this application or my employment, if hired may be terminated. If I am offered employment, I will, as a condition of employment, be required to submit proof of my identity and legal right to work in the U.S. I UNDERSTAND that I will be required to possess a current and valid drivers license if my job requires me to drive in the course of my work. I AUTHORIZE the investigation of any or all statements contained in this application and also authorize any person, school, current

---

[4] See Exhibit – 1, p. 6.

employer (except as previously noted), past employers and organizations from any legal liability in making such statements. I hereby fully waive any rights or claims I have or may have against all current and/or former employers, and their agents, employees, and representatives and damages that may directly or indirectly result from the use, disclosure or release of any information by any person or party, whether such information is favorable or unfavorable to me. I further waive any claim against EVHC or its subsidiaries and any outside agency utilized by EVHC or its subsidiaries as a result of any information that is obtained in this investigation. This application is submitted with the understanding that upon acceptance of a formal employment offer, I will be required to successfully pass EVHC and its subsidiaries pre-placement testing, which will include a drug and alcohol screen. I consent to the release of any or all medical information as may be deemed necessary to judge my capability to do the work for which I am applying. I UNDERSTAND THAT THIS APPLICATION OR SUBSEQUENT EMPLOYMENT DOES NOT CREATE A CONTRACT OF EMPLOYMENT NOR GUARANTEE EMPLOYMENT FOR ANY DEFINITE PERIOD OF TIME. IF EMPLOYED, I UNDERSTAND THAT I HAVE BEEN HIRED AT THE WILL OF THE EMPLOYER AND MY EMPLOYMENT MAY BE TERMINATED AT ANY TIME WITH OR WITHOUT CAUSE AND WITH OR WITHOUT NOTICE, AT THE OPTION OF THE COMPANY OR MYSELF." [Emphasis supplied]. *Id*.

40.     EVHC's online job application fails to meet the requirements of a 'stand-alone'

FCRA disclosure / authorization form, and the above disclosure fails to comply with the FCRA's

plainly stated requirements.

41.     EVHC's practices violate the plain language of the statute, and fly in the face of

unambiguous case law and regulatory guidance from the FTC. *See, e.g.*, *E.E.O.C. v. Video Only,*

*Inc.*, No. 06-1362, 2008 WL 2433841, at *11 (D.Or. June 11, 2008) ("I grant summary judgment

of liability that Video Only violated . . . 15 [U.S.C.] § 1681b(b)(2)(A)(I). This section provides

that at any time before the report is procured, a disclosure is made in a document that consists

solely of the disclosure that a consumer report may be obtained for employment purposes. Video

Only disclosed this possibility as part of its job application, which is not a document consisting

solely of the disclosure."); *see also*, Federal Trade Commission ("FTC") guidance ("The disclosure may not be part of an employment application . . . . A disclosure that is combined with many items in an employment application -- no matter how 'prominently' it appears -- is not 'in a document that consists solely of the disclosure' as required by [1681b(b)(2)(A)].");[5] *see also*, FTC Staff Report at p. 51 ("The disclosure cannot be part of a printed employment application.").[6]

42.     By repeatedly burying its purported disclosures in a multi-page job application, EVHC willfully disregarded the statute's plain text and related regulatory guidance, and it willfully violated 15 U.S.C. §§ 1681b(b)(2)(A) by repeatedly procuring background reports on employees and job applicants without complying with the disclosure / authorization requirements of the FCRA.

43.     EVHC's disclosure and authorization set forth in paragraph 39 above does not consist solely of a disclosure and authorization to obtain a consumer background report. It impermissibly contains multiple releases, as well as other extraneous information.[7]

44.     EVHC's insertion of liability releases is contrary to the plain language of the statute and longstanding regulatory guidance. The FTC warns that "the form should not include any extraneous information." [8]  In fact, the FTC has specifically warned that "[t]he inclusion of such a waiver [of liability] in a disclosure form will violate Section 604(b)(2)(A) of the FCRA [15 U.S.C. §§ 1681b(b)(2)(A)], which requires that a disclosure consist 'solely' of the disclosure that a consumer report may be obtained for employment purposes." *Id*.

---

[5] See <u>Exhibit – 3</u>.
[6] See <u>Exhibit – 4</u>.
[7] See Exhibits 1 and 2.
[8] See <u>Exhibit – 5</u>.

45.     By including liability releases and other extraneous language in each job applicant's FCRA disclosure and authorization, EVHC repeatedly and willfully disregarded this regulatory guidance, and repeatedly and willfully violated 15 U.S.C. §§ 1681b(b)(2)(A) by procuring consumer background report information about job applicants and employees without complying with these requirements of the statute.

### *EVHC'S violations of the FCRA relating to Adverse Action Class*

46.     The FCRA requires that "in using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates … a copy of the report[.]" 15 U.S.C. § 1681b(b)(3)(A)(i).

47.     EVHC does not provide job applicants or employees a copy of their consumer background report before it takes adverse action against them.  Instead, EVHC places the burden of obtaining the background report on the employee, which is contrary to the plainly articulated mandate of the FCRA.

48.     EVHC's practice violates one of the most fundamental protections afforded to employees under the FCRA, and it similarly runs counter to longstanding regulatory guidance: "[15 U.S.C. § 1681b(b)(3)(A)] requires that all employers who use consumer reports provide a copy of the report to the affected consumer before any adverse action is taken. Employers must comply with this provision even where the information contained in the report (such as a criminal record) would automatically disqualify the individual from employment or lead to an adverse employment action. Indeed, this is precisely the situation where it is important that the consumer be informed of the negative information …"). [9]

---

[9] See Exhibit – 6.

49.     By repeatedly failing to give Plaintiff and other Putative Class members a copy of their consumer background report prior to taking adverse employment action, EVHC willfully disregarded this regulatory guidance and the plain language of the statute, thereby violating 15 U.S.C. §§ 1681b(b)(2)(A).

**V.**
**ALLEGATIONS RELATING TO PLAINTIFF LANDRUM**

50.     Mr. Landrum applied for work with EVHC on October 26, 2013, by completing EVHC's standard online employment application.[10]

51.     As discussed, EVHC's standard online employment application failed to obtain proper authorization from Mr. Landrum under the FCRA; EVHC similarly failed to make the proper disclosure to Mr. Landrum required under the FCRA. *Id.*

52.     EVHC's standard online employment application violated the FCRA by impermissibly requiring Mr. Landrum to release not only EVHC, but also numerous other parties and individuals. *Id.*

53.     EVHC's standard online employment application further violated the FCRA by including additional extraneous language in the disclosure. *Id.*

54.     At no time between (a) Mr. Landrum's application for employment with EVHC on October 26, 2013, and (b) EVHC's adverse employment decision, did EVHC give Mr. Landrum a copy of the consumer background report as is required by the FCRA.

55.     EVHC violated FCRA's pre-adverse action notice requirements after it reviewed Mr. Landrum's criminal background report and decided not to offer employment to him.

56.     EVHC's adverse employment decision (and consequently, EVHC's related pre-adverse action notice violation) occurred at, or before, the time Mr. Landrum was notified that he

---

[10] See Exhibits 1 and 2.

was not hirable because of the results found in his criminal background report.

57.     Subsequently, after learning that EVHC would not hire him, Mr. Landrum was placed with the impermissible burden a) to discover why he was not hired; b) to himself obtain the background report from the consumer reporting agency *after* EVHC had already decided not to hire him (instead of automatically receiving it from EVHC *before* being notified by EVHC that he was not going to be hired); and c) to require Mr. Landrum to obtain and supply EVHC a corrected background report as a condition of being hired with the company.

58.     Thereafter, although EVHC briefly employed Mr. Landrum, it did not cure EVHC's violations of the FCRA occurring prior to such employment.

59.     Had Mr. Landrum not insisted on inquiring (on his own initiative) about why he was un-hirable with EVHC, and had he not made the un-required effort to obtain a corrected background report himself, he would have not have been hired by EVHC.

60.     Regardless, EVHC violated the FCRA as to Mr. Landrum, and indeed, as to numerous other similarly situated individuals over the relevant five-year look-back period.

61.     It was unlawful for EVHC to procure a consumer report without proper authorization and without first making the proper disclosures the FCRA required.  By doing so, EVHC had no permissible purpose to receive and review Mr. Landrum's consumer report.

62.     Similarly, it was unlawful for EVHC to not provide Mr. Landrum a copy of his consumer report in the statutorily required timeframe.

63.     The above described acts and omissions constitute EVHC's multiple violations of the FCRA, for which Mr. Landrum now sues on his behalf, and on behalf of similarly situated putative class members of the "Adverse Action Class" and "Background Check Class".

# VI.
## CLASS ACTION ALLEGATIONS

64.     Plaintiff asserts his claim in Count 1 on behalf of a Putative Adverse Class

defined as follows:

> **Proposed Adverse Action Class:**  All employees or prospective employees of EVHC who received notice on or after October 26, 2008 (or who did not receive any such required notice) that EVHC was taking adverse employment action against them based, in whole or in part, on information contained in a consumer report, and (i) who were not given a copy of such report in advance, or (ii) were not provided a copy, in writing, of the FCRA's disclosure document entitled "A Summary of Your Rights Under the Fair Credit Reporting Act".

65.     Plaintiff asserts his claim in Counts 2 and 3 on behalf of a Putative Background

Check Class defined as follows:

> **Proposed Background Check Class:**  All employees or prospective employees of EVHC who were the subject of a consumer report procured by EVHC (or that EVHC caused to be procured) on or after October 26, 2008.

66.     Numerosity under Fed. R. Civ. P. 23(a): The Putative Classes are so numerous

that joinder of all class members is impracticable. EVHC regularly purchases and utilizes

information in consumer reports to conduct background checks on prospective employees and

existing employees, and frequently relies on such information, in whole or in part, as a basis for

adverse employment action. Upon information and belief, during the relevant time period, more

than five thousand (5,000) employees and prospective employees satisfy the definition of the

Putative Classes.

67.     Typicality under Fed. R. Civ. P. 23(a): Plaintiff's claims are typical of the

members of the Putative Classes. EVHC typically uses consumer reports to conduct background

checks on employees and prospective employees. EVHC typically requires job applicants to sign

its background check authorization that is part of a multi-page online employment application

and includes a liability release. EVHC typically does not provide copies of consumer reports to

14

employees or prospective employees before taking adverse action based on information contained in such reports. The FCRA violations Plaintiff suffered are typical of those suffered by other Putative Class members, and EVHC treated Plaintiff consistent with other Putative Class members in accordance with its standard policies and practices.

68.   Adequacy under Fed. R. Civ. P. 23(a): Plaintiff will fairly and adequately protect the interests of the Putative Classes, and has retained counsel experienced in complex class action litigation.

69.   Commonality under Fed. R. Civ. P. 23(a): Common questions of law and fact exist solely because of Defendant's acts or omissions, and not because of any individual plaintiff's specific actions. Common questions of law and fact exist as to all members of the Putative Classes and predominate over any questions solely affecting individual members of the Putative Classes, including but not limited to:

a.   Whether EVHC violated the FCRA by failing to meet the strict requirements or proscriptions of:

    i)    15 U.S.C. § 1681b(b)(2)(B)(i);
    ii)   15 U.S.C. § 1681b(b)(2)(B)(ii);
    iii)  15 U.S.C. § 1681b(b)(3)(B)(i)(I);
    iv)   15 U.S.C. § 1681b(b)(3)(B)(i)(II);
    v)    15 U.S.C. § 1681b(b)(3)(B)(i)(III);
    vi)   15 U.S.C. § 1681b(b)(3)(B)(i)(IV); and,
    vii)  15 U.S.C. § 1681g(c)(3).

b.   Whether EVHC uses consumer report information to conduct background checks on employees and prospective employees;

c.   Whether EVHC requires its employees and prospective employees to sign an authorization similar to the authorization contained in its online employment application and set forth in paragraph 39 of this Complaint;

d.   Whether EVHC provides its employees and prospective employees a disclosure similar to the disclosure contained in its online employment application and set forth in paragraph 39 of this Complaint;

e.  Whether EVHC requires its employees and prospective employees to sign any authorizations in addition to the authorization contained in its online employment application and set forth in paragraph 39 of this Complaint;

f.  Whether EVHC provides its employees and prospective employees any disclosures in addition to the disclosure contained in its online employment application and set forth in paragraph 39 of this Complaint;

g.  Whether such authorization(s) and disclosure(s) comply with the FCRA;

h.  Whether it was proper under the FCRA for EVHC to include the authorization and disclosure in a multi-page job application;

i.  Whether it was proper under the FCRA for EVHC to include a liability release in the authorization and disclosure;

j.  Whether EVHC violated the FCRA by procuring consumer report information without making proper disclosures in the format required by the statute;

k.  Whether it was proper under the FCRA for EVHC to obtain more than one authorization, and to make more than one disclosure, if such was the case;

l.  Whether EVHC violated the FCRA by procuring consumer report information based on invalid authorizations and disclosures;

m. Whether EVHC violated the FCRA by taking adverse action against Plaintiff and other members of the Adverse Action Class on the basis of information in a consumer report, without first furnishing a copy of the report to the affected persons;

n.  Whether EVHC's violations of the FCRA were willful; and,

o.  The proper measure of statutory damages.

70.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Putative Classes predominate over any questions affecting only individual members of the Putative Classes, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA.

71.     Members of the Putative Classes do not have an interest in pursuing separate actions against Defendant, as the amount of each Class member's individual claims is small compared to the expense and burden of individual prosecution, and Plaintiff is unaware of any similar claims brought against Defendant by any members of the Putative Classes on an individual basis. Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices.

72.     Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Putative Class members' claims in a single forum.

73.     Plaintiff intends to send notice to all members of the Putative Classes to the extent required by Rule 23. The names and addresses of the Putative Class members are available from Defendant's records.

## VII.
## CLAIMS FOR RELIEF

### First Claim:
### Failure to provide copy of consumer report in violation of 15 U.S.C. 1681b(b)(3)(A)

74.     Plaintiff alleges and incorporates by reference all allegations asserted in the previous paragraphs.

75.     EVHC used a "consumer report," as defined by the FCRA, to take adverse employment action against Plaintiff and other members of the Adverse Action Class.

76.     EVHC violated 15 U.S.C. § 1681b(b)(3)(A)(i) by failing to provide Plaintiff and other Adverse Action Class members a copy of the consumer report that was used to take adverse employment action against them.

77.     The foregoing violations were willful.

78.     EVHC acted in knowing or reckless disregard of its obligations and the rights of

Plaintiff and other Adverse Action Class members under 15 U.S.C. § 1681b(b)(3)(A).  EVHC's

willful conduct is demonstrated by, among other things, the following facts:

   a.  EVHC is a commercial concern with ample access to competent legal advice
       through either its own counsel or outside employment counsel, and there is no
       contemporaneous evidence that EVHC determined that its conduct was
       lawful;

   b.  EVHC knew or had reason to know that its conduct was inconsistent with
       published FTC guidance interpreting the FCRA and the plain language of the
       FCRA;

   c.  EVHC voluntarily ran a risk of violating the law substantially greater than the
       risk associated with a reading that was merely careless;[11]

   d.  InfoCubic, the consumer reporting agency that sold to EVHC Plaintiff's and
       the putative class members' consumer background report information gave
       specific and clear notice to EVHC each time it forwarded a consumer report to
       EVHC. The notice informed EVHC, in no unclear terms, of the specific
       obligations the FCRA imposes on EVHC. However, EVHC purposefully and
       repeatedly chose to ignore all such guidance;

   e.  Similarly, before receiving each consumer background report pertaining either
       to Plaintiff or to a putative class member, EVHC certified to InfoCubic that
       EVHC would comply with the FCRA's requirements, including the
       requirement to give pre-adverse and post-adverse action notices, and a copy of
       the background report to the job applicant or employee.  However, EVHC
       purposefully and repeatedly disobeyed its certified obligations;

   f.  EVHC's authorization paragraphs included in its standard employment
       application (Exhibits 1 and 2) do not state that a consumer report
       automatically will be provided to employees or prospective employees if
       EVHC intends to take adverse action against them based on information in a
       consumer report. Rather, EVHC places the burden on the affected individual
       to request a copy of his or her report from the credit reporting agency in a
       manner that is untimely and in violation of the FCRA;

   g.  Despite Plaintiff Landrum making a pertinent written request to EVHC
       seeking a copy of his consumer background report, EVHC refused to comply
       with its legal obligation. Thus, Mr. Landrum did not receive a copy of his
       background report until he sought it from InfoCubic, the credit reporting
       agency, at a point in time falling well beyond any period of gainful utility of

---

[11] *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 69-71 (2007).

the report as the FCRA intended;

    h.   Because EVHC repeatedly and systematically violated the FCRA, its failure to supply Plaintiff and other Adverse Action Class Members copies of their consumer reports and the FCRA's disclosure document entitled "A Summary of Your Rights Under the Fair Credit Reporting Act" was not accidental, but reckless and objectively unreasonable.[12]

79.    Plaintiff and each member of the Adverse Action Class is entitled to statutory damages of not less than $100 and not more than $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A).

80.    These damages arise from the statutory violations of FCRA, and each such incident causing damage is in and of itself, an "injury-in-fact", providing standing to Plaintiff and to members of the Putative Classes, and further conferring the Court with subject matter jurisdiction over the matter.[13]

81.    Plaintiff and members of the Background Check Class seek recovery of their costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3).

<u>**Second Claim:**</u>
<u>**Failure to make proper disclosure in violation of 15 U.S.C. 1681b(b)(2)(A)(i)**</u>

82.    Plaintiff alleges and incorporates by reference all allegations asserted in the previous paragraphs.

83.    The employee background check authorization that Plaintiff and other members of the Background Check Class were required to complete as a condition of their employment with EVHC does not satisfy the disclosure requirements of 15 U.S.C. § 1681b(b)(2)(A)(i).

84.    EVHC's failure to satisfy the specific and plain disclosure requirements of 15 U.S.C. § 1681b(b)(2)(A)(i) is a violation of the FCRA.

---

[12] See <u>Exhibit – 7</u>, at page 12 (Exhibit – 7 is a recent study reporting that many large employers are "routinely" failing to provide a copy of background checks to their employees in violation of the FCRA, and are being found liable under the statute in federal courts as defendants in class actions).
[13] See <u>Exhibit – 8</u>, *Mabary v. Hometown Bank, N.A.*, 888 F. Supp. 2d 857 (S.D. Tex. 2012) (Hon. J. Ellison).

85.     EVHC violated 15 U.S.C. § 1681b(b)(2)(A)(i) by procuring consumer reports relating to Plaintiff and other Background Check Class members without first making proper disclosures in the format required by the FCRA. These violations constitute multiple and separate violations of the FCRA.

86.     The employee background check authorization and disclosure that Plaintiff and other members of the Background Check Class were required to complete as a condition of their employment with EVHC does not satisfy the requirements of 15 U.S.C. § 1681b(b)(2)(A)(i) because the authorization / disclosure (1) is not a stand-alone document; (2) is buried in a multi-page employment application; (3) includes an extraneous release prohibited under the law; and (4) includes other extraneous language that serves to confuse the applicant and is thus prohibited under the law. EVHC's failure to satisfy the specific and plain disclosure requirements of 15 U.S.C. § 1681b(b)(2)(A)(i) is a violation of the FCRA.

87.     The foregoing violations were willful.

88.     EVHC knew that the authorization / disclosure must be a stand-alone form (separate from the employment application), and should not include items not strictly required by the FCRA. Similarly, EVHC knew that Plaintiff and other Background Check Class members should have received the disclosures prescribed by the FCRA, in the specific format prescribed by the FCRA.

89.     EVHC acted in knowing or reckless disregard of its obligations and the rights of Plaintiff and other Background Check Class members under 15 U.S.C. § 1681b(b)(2)(A)(i).

90.     EVHC's willful conduct is reflected by, among other things, the facts stated in the above First Claim for Relief of Section VII of this Complaint, and all of those facts are herein incorporated fully and wholly by reference.

91.     Plaintiff and each member of the Background Check Class is entitled to statutory damages of not less than $100 and not more than $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A).

92.     These damages arise because of EVHC's multiple statutory violations of FCRA, and each such instance of damage is in and of itself, an "injury-in-fact", providing standing to the Plaintiff and to members of the Putative Classes, and further conferring the Court with subject matter jurisdiction over the matter.[14]

93.     Plaintiff and members of the Background Check Class seek recovery of their costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3).

**Third Claim:**
**Failure to obtain proper authorization in violation of 15 U.S.C. 1681b(b)(2)(A)(ii)**

94.     Plaintiff alleges and incorporates by reference all allegations asserted in the previous paragraphs.

95.     EVHC violated 15 U.S.C. § 1681b(b)(2)(A)(ii) by procuring consumer reports relating to Plaintiff and other Background Check Class members without proper authorization.

96.     The employee background check authorization that Plaintiff and other members of the Background Check Class were required to complete as a condition of their employment with EVHC does not satisfy the authorization and disclosure requirements of 15 U.S.C. § 1681b(b)(2)(A)(i) because it (1) is not a stand-alone document; (2) is buried in a multi-page employment application; (3) includes an extraneous release prohibited under the law; and (4) includes other extraneous language that serves to confuse the applicant and is thus prohibited under the law. EVHC's failure to satisfy the specific and plain disclosure requirements of 15 U.S.C. § 1681b(b)(2)(A)(i) is a violation of the FCRA.

---

[14] Exhibit – 8.

97.     Because EVHC's employee background check authorization and disclosure failed to satisfy the requirements of 15 U.S.C. § 1681b(b)(2)(A)(i) in the above respects, EVHC procured each consumer report pertaining to Plaintiff and to each additional member of the Background Check Class without any permissible legal purpose delineated in the FCRA, which constitute further and separate violations of the FCRA.

98.     Also because EVHC's employee background disclosures failed to satisfy the requirements of 15 U.S.C. § 1681b(b)(2)(A)(i) in the above respects, EVHC procured each consumer report pertaining to Plaintiff and to each additional member of the Background Check Class without proper authorization, in violation of 15 U.S.C. §1681b(b)(2)(A)(ii).

99.     The foregoing violations were willful.

100.     EVHC acted in knowing or reckless disregard of its obligations and the rights of Plaintiff and other Background Check Class members under 15 U.S.C. § 1681b(b)(2)(A)(ii).

101.     EVHC's willful conduct is reflected by, among other things, the facts stated in the above First Claim for Relief of Section VII of this Complaint, and all of those facts are herein incorporated fully and wholly by reference.

102.     Plaintiff and each member of the Background Check Class is entitled to statutory damages of not less than $100 and not more than $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A).

103.     These damages stem from the statutory violations of FCRA, and each such instance of damage is in and of itself, an "injury-in-fact", providing standing to the Plaintiff and to members of the Putative Classes, and further conferring the Court with subject matter jurisdiction over the matter.[15]

---

[15] Exhibit – 8.

104.    Plaintiff and members of the Background Check Class seek recovery of their costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3).

**VIII.**
**DEMAND FOR JURY TRIAL**

105.    Pursuant to Fed. R. Civ. P. 38(b), Plaintiff and members of the Putative Classes herein make formal demand for a trial by jury.

**IX.**
**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and members of the Putative Classes, prays for relief as follows:

   a.   Determining that this action may proceed as a class action under Rule 23 of the Federal Rules of Civil Procedure;

   b.   Designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Classes;

   c.   Issuing proper notice to the Putative Classes at EVHC's expense;

   d.   Declaring that EVHC committed multiple, separate violations of the FCRA;

   e.   Declaring that EVHC acted willfully in knowing or reckless disregard of Plaintiff's rights and its obligations under the FCRA, and that such actions were objectively unreasonable;

   f.   Awarding statutory damages as allowed by the FCRA;

   g.   Awarding reasonable attorneys' fees and costs as allowed by the FCRA; and,

   h.   Granting other and further relief as this Court may deem appropriate and just.

Respectfully submitted,

**ALI  S. AHMED, P.C.**

By:   /s/ Salar Ali Ahmed
**Salar Ali Ahmed**
Federal Id. No. 32323
State Bar No. 24000342
One Arena Place
7322 Southwest Freeway, Suite 1920
Houston, Texas 77074
Telephone:   (713) 223-1300
Facsimile:   (713) 255-0013
aahmedlaw@gmail.com

**Attorney for Plaintiff**
**Jeffery K. Landrum, and**
**Members of the Putative Classes**

[Exhibits follow]